# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRAIG HOWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-cv-312-MJR |
| | ) |
| C/O JENNINGS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

The Court previously separated Plaintiff Howell's complaint into four numbered counts. Each count sought relief against a separate group of defendants, and each count arose out a separate incident. The Court advised Howell of its intention to sever his claims into separate lawsuits and gave him the opportunity to voluntarily dismiss any of his claims (*see* Doc. 12). Howell chose to dismiss one of his four claims (*see* Doc. 15), and the Court then severed two of the remaining claims into new lawsuits (*see* Doc. 16). Pending in *this* action is Howell's claim against Defendants Jennings, Moran, Walker and Miller for procedural due process violations (¶¶ 19-23).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

Howell alleges that in February 2007, while in the Lawrence Correctional Center, his cellmate persistently raided Howell's property box, consuming his food and hygiene products, using his television and radio, and telling Howell to "do something about it" if he didn't like it. Howell spoke with Defendant Jennings about the situation, and Jennings told him that he could either deal with the situation in his cell, or he could walk himself to segregation and receive a disciplinary ticket in the process. Howell chose to stay in his cell, but the problem continued. One day, the cellmate spit upon Howell, which was witnessed by Officer Geier. Geier then spoke with his supervisor, who advised Howell to refuse housing and walk himself to segregation; Howell remained in segregation for seven days. He later filed a grievance over this situation; in turn, Defendants Moran, Walker and Miller denied this grievance. Howell now alleges that he was unfairly subjected to seven days in disciplinary segregation, in violation of his rights under the Fourteenth Amendment.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive

than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id. See also Lekas v. Briley*, 405 F.3d 602, 608-10 (7th Cir. 2005).

In the case currently before the Court, Howell was in disciplinary segregation for seven days. Nothing in the complaint or exhibits suggests that the conditions that he had to endure while in disciplinary segregation were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Therefore, his due process claim is without merit.

In summary, the complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Howell is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 13th day of May, 2009.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**